IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CAYO,<br><br>          Plaintiff,<br><br>     v.<br><br>VALOR FIGHTING & MANAGEMENT LLC; RICK BASSMAN; AIG DOMESTIC CLAIMS, INC.; GAGLIARDI INSURANCE SERVICES, INC.; and DOES 1-15, inclusive,<br><br>          Defendants.                    / | No. C 08-4763 CW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS |

     Defendants Gagliardi Insurance Services, Inc. and AIG Domestic Claims, Inc. move separately to dismiss the claims against them. Plaintiff Richard Cayo opposes the motions.  The matter was taken under submission on the papers.  Having considered all of the papers submitted by the parties, the Court grants each motion in part.

                              BACKGROUND

     This case arises from an injury Plaintiff suffered while participating in a mixed martial arts fight at the Cache Creek Casino Resort in Brooks, California.  According to the complaint, the fight was organized and put on by Defendant Valor Fighting &

1  Management LLC, which is owned by Defendant Rick Bassman.

2  Plaintiff alleges that, pursuant to an agreement between
3  Valor, Bassman and Cache Creek Casino, Valor and Bassman assumed
4  liability for all injuries resulting from the fight.  Valor and
5  Bassman also agreed, "as a condition to the fights taking place,
6  that they had or would obtain insurance coverage to cover any
7  liabilities associated with the fights, including but not limited
8  to insurance coverage for any injuries that occurred during the
9  course of such fights."  Compl. ¶ 11.  Valor and Bassman also
10 allegedly entered into a contract with Plaintiff, pursuant to which
11 they agreed to assume liability for any injuries that Plaintiff
12 might suffer during the fight.  Id.

13 The complaint states that Plaintiff "was advised" that Valor
14 and Bassman obtained the insurance coverage required by their
15 agreement with Cache Creek Casino by purchasing an insurance policy
16 from AIG.  Id. ¶ 16.  Gagliardi, an insurance brokerage, allegedly
17 arranged for this purchase.  Id. ¶ 19.  The complaint alleges
18 elsewhere, however, that Valor and Bassman "failed to secure
19 insurance [] coverage" for the fight.  Id. ¶ 22.

20 Plaintiff claims that he "snapped his right ACL" during the
21 fight, a serious injury that necessitated the ACL's surgical
22 replacement.  Id. ¶ 14.  He continues to undergo physical and
23 rehabilitative therapy.  Id.

24 Plaintiff filed a claim with AIG seeking compensation for his
25 injury, but the claim was denied.  Id. ¶ 18.  Plaintiff claims that
26 AIG "has provided only cryptic and conflicting bases for its denial
27 of coverage" and, "[w]hen pressed for further information," has
28 "refused to provide any clarification."  Id.  Gagliardi allegedly

2

1  informed Plaintiff that AIG denied his claim because Valor and
2  Bassman "failed to pay the policy premiums."  Id. ¶ 20.  According
3  to Plaintiff, Bassman has denied Gagliardi's allegation, and AIG
4  "has refused to confirm or deny" it.  Id.
5     Plaintiff now charges Valor and Bassman with breach of
6  contract, intentional infliction of emotional distress and
7  violation of California's Unfair Competition Law.  He charges AIG
8  with breach of contract, breach of the covenant of good faith and
9  fair dealing and negligence.  He charges Gagliardi with negligence.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without

3

contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

## DISCUSSION

I.  Plaintiff's Claims Against AIG

   A.  Breach of Contract

AIG asserts that the breach of contract claim against it must be dismissed because Plaintiff has "failed to attach the insurance policy and did not plead the essential terms of the policy." AIG's Mot. at 4. It maintains that "a complaint pleading breach of a written contract must either set out the contract terms verbatim in the body of the complaint or attach a copy of the written instrument and incorporate it by reference." Id. at 5 (citing Otworth v. S. Pac. Transp. Co., 166 Cal. App. 3d 452, 459 (1985)). Assuming that this is an accurate characterization of California law, it nonetheless does not apply to the present motion. As a procedural matter, the sufficiency of the complaint is governed, not by state law, but by the Federal Rules of Civil Procedure and federal law interpreting those rules. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102-03 (9th Cir. 2003); Securimetrics, Inc. v. Hartford Cas. Ins. Co., 2005 WL 1712008, at *2.[1]

Under the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the complaint states a claim for

---

[1] Ironically, AIG removed this case from the Alameda County Superior Court, where it could have invoked state law procedural requirements.

4

breach of contract.  It alleges that AIG issued Valor and Bassman a policy that would compensate individuals who were injured in the martial arts fight, and then breached the policy by refusing to compensate Plaintiff when he was injured in the fight.  These allegations are sufficient to put AIG on notice of the claim against it and allow it to formulate a responsive pleading. Moreover, Plaintiff cannot be expected to provide more specific information about the terms of the policy, because Defendants allegedly have refused to let him see it.  AIG cannot prevent Plaintiff from obtaining information relevant to his claim and then move to dismiss the claim on the basis that the complaint lacks such information.

    AIG correctly notes that the complaint makes inconsistent allegations: it alleges both that Gagliardi failed to secure an insurance policy that covered Plaintiff's injury and that AIG breached the terms of an insurance policy that covered Plaintiff's injury.  Neither party has cited any Ninth Circuit case addressing the propriety of inconsistent factual allegations in a complaint. However, Rule 8(e) of the Federal Rules of Civil Procedure provides that a party "may state as many separate claims or defenses as it has, regardless of consistency."  In addition, the Seventh Circuit has held that a pleader "may assert contradictory statements of fact" if he or she is "legitimately in doubt about the facts in question."  Am. Int'l Adjustment Co. v. Galvin, 86 F.3d 1455, 1461 (7th Cir. 1996).  Plaintiff has alleged that Defendants have prevented him from determining the details of insurance coverage for the fight.  He is thus legitimately in doubt about the facts in question, and the inconsistency is permissible.

5

B. Breach of the Covenant of Good Faith and Fair Dealing

To state a claim for breach of the covenant of good faith and fair dealing based on an insurer's failure to pay benefits due under a policy, the insurer must have withheld payment "unreasonably and in bad faith." Wilson v. 21st Century Ins. Co., 42 Cal. 4th 713, 720 (2007) (quoting Frommoethelydo v. Fire Ins. Exch., 42 Cal. 3d 208, 214 (1986)). AIG asserts that Plaintiff has not alleged that it acted in bad faith because "Plaintiff admits in his Complaint that the reason coverage was denied was due to the fault of other defendants who either did not pay the policy premiums and/or failed to obtain the necessary coverage." AIG's Mot. at 4. Plaintiff makes no such admission. The complaint alleges simply that Gagliardi informed Plaintiff that his claim was denied because Valor and Bassman did not pay the policy premiums. Compl. ¶ 20. It further alleges that AIG has failed to confirm or deny whether this was the basis for its denial.

The complaint charges AIG with:

> (a) attempting to avoid payment of plaintiff's legitimate claims, (b) failing and refusing to properly investigate plaintiff's claim for benefits; (c) failing to timely and meaningfully communicate with plaintiff regarding the status of his claim, including providing cryptic and conflicting information in denial of the claim, and refusing to provide any clarification; [and] (d) intentionally misrepresenting and concealing information concerning their obligations under the Policy.

Compl. ¶ 45. These allegations support a conclusion that AIG acted unreasonably and in bad faith, and Plaintiff has therefore stated a claim for breach of the covenant of good faith and fair dealing.

C. Negligence

Plaintiff asserts a claim against AIG based on its negligent

handling of his claim. But under California law, "negligence is not among the theories of recovery generally available against insurers." Sanchez v. Lindsey Morden Claims Servs., Inc., 72 Cal. App. 4th 249, 254 (1999). "Delay or failure to pay policy benefits may be actionable as a breach of contract or bad faith, not negligence." Benavides v. State Farm Gen. Ins. Co., 136 Cal. App. 4th 1241, 1253-54 (2006) (Mosk, J., concurring) (quoting Croskey et al., Cal. Practice Guide: Ins. Litig. (The Rutter Group 2005) § 11:205); see also Adelman v. Associated Int'l Ins. Co., 90 Cal. App. 4th 352, 369 (2001) ("If an insured seeks to recover in tort for an insurer's mishandling of a claim, it must allege more than mere negligence."). Plaintiff has not cited any case to the contrary, and his negligence claim is therefore dismissed.

II.  Plaintiff's Claim Against Gagliardi

Plaintiff alleges that Gagliardi was negligent in that it "failed to procure the necessary insurance coverage, and/or procured faulty or inadequate coverage, for injuries to participants in the mixed martial arts fight." Compl. ¶ 51. Plaintiff further alleges that Gagliardi was negligent in its "handling of [his] claim, by failing to handle the claim in a timely fashion, and making misrepresentations and/or materially omitting information pertaining to the claim, in communications with" Plaintiff. Id. ¶ 52. Because these theories of negligence are entirely independent of each other, the Court will construe them as two separate claims.

To prevail on a claim for negligence under California law, a plaintiff must show "that the defendant owed a duty to [him or her], that the defendant breached that duty, and that the breach

7

proximately caused the plaintiff's injuries." <u>John B. v. Superior Court</u>, 38 Cal. 4th 1177, 1188 (2006).  Gagliardi argues that Plaintiff has not stated a claim for negligence because he has not alleged facts that would support the conclusion that Gagliardi owed him a legal duty.

With respect to Plaintiff's negligence claim based on Gagliardi's handling of his claim, the complaint contains no factual allegations concerning Gagliardi's involvement in handling the claim.  It states simply that Gagliardi informed Plaintiff of the reason for AIG's denial of the claim.  This does not imply that Gagliardi itself was involved in the denial in any way, and the Court therefore cannot conclude that Gagliardi owed Plaintiff a duty of care with respect to the handling of his claim.[2]  In addition, as discussed above, a negligence claim cannot lie against an insurer for failure to pay benefits due under the plan.  This rule also applies to claims handling performed by an agent of the insurer.  <u>Sanchez</u>, 72 Cal. App. 4th at 254-55.  Thus, any negligence claim asserted against Gagliardi for its role in handling Plaintiff's claim must be dismissed.

As for Plaintiff's other negligence claim, liberally construed, the complaint alleges that Valor and Bassman engaged Gagliardi to locate and arrange the purchase of a suitable

---

[2] Plaintiff points to the complaint's allegation that Gagliardi owed him a legal duty "with respect to the timely and accurate processing of his claim."  Compl. ¶ 23.  It is not clear whether Plaintiff asserts that the Court must accept this allegation as true.  To the extent he does, the argument fails because the "existence of a legal duty is a question of law for the court," not one of fact.  <u>John B.</u>, 38 Cal. 4th at 1188.  On a motion to dismiss, the Court "need not assume the truth of legal conclusions cast in the form of factual allegations."  <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

8

insurance policy that would compensate participants injured in the martial arts fight, but that Gagliardi did not in fact secure a suitable policy. Among the cases cited by the parties, <u>Business to Business Markets, Inc. v. Zurich Specialties</u>, 135 Cal. App. 4th 165 (2006), most closely addresses the issue of whether, in promising to procure insurance for Valor and Bassman, Gagliardi assumed a legal duty to Plaintiff.

In <u>Business to Business</u>, the plaintiff B2B had entered into a contract with Tricon, an Indian company, for software development services. The contract specifically obliged Tricon to carry an insurance policy that would compensate B2B if Tricon failed to deliver the promised software. B2B thereafter contacted a retail insurance broker and informed it of Tricon's insurance needs. The broker contacted Professional Liability Insurance Services (PLIS), a surplus lines insurance broker. PLIS contacted Zurich, which issued a policy to Tricon. The policy, however, excluded coverage for any claim arising from or related to work performed in India. Tricon subsequently failed to deliver the software to B2B, and B2B sued for breach of contract. Relying on the policy exclusion, Zurich refused to pay for Tricon's defense or to indemnify it. Default judgment was entered against Tricon, but B2B could not collect on the judgment. B2B then sued PLIS for negligence in procuring a policy that did not cover work done in India. PLIS moved to dismiss on the ground that it owed no duty of care to B2B.

Citing <u>Biakanja v. Irving</u>, 49 Cal. 2d 647 (1958), the <u>Business to Business</u> court identified six factors that should be considered in determining whether "a defendant had a duty to exercise due care to protect the plaintiff although they were not in privity of

9

contract": 1) the extent to which the transaction was intended to affect the plaintiff; 2) the foreseeability of harm to the plaintiff; 3) the degree of certainty that the plaintiff suffered injury; 4) the closeness of the connection between the defendant's conduct and the injury suffered; 5) the moral blame attached to the defendant's conduct; and 6) the policy of preventing future harm. 135 Cal. App. 4th at 168.

The court found that the first factor was satisfied because, "even though Tricon was the named insured, Tricon bought the policy, as required under its contract with B2B, for the purpose of protecting B2B against Tricon's possible breach of contract." Id. at 169. For this reason, "the insurance transaction greatly affected B2B." Id. Here, the complaint alleges that the policy was purchased specifically to protect injured participants in the martial arts fight. The insurance transaction thus "greatly affected" Plaintiff. In addition, the second factor is satisfied because it was clearly foreseeable that a participant would be injured in the fight; this was the alleged purpose of obtaining the insurance policy. It is also certain, accepting the allegations in the complaint, that Plaintiff has suffered an injury. The third factor is therefore satisfied as well. Concerning the fifth factor, while Gagliardi's alleged conduct may not be "morally" wrong, Gagliardi may still be blameworthy in that it allegedly violated a legal obligation, as did PLIS in the Business to Business case. Additionally, imposing liability on Gagliardi could potentially prevent it -- or others in its position -- from causing similar harm in the future. The fifth factor is therefore satisfied.

Here, as in Business to Business, the existence of a duty turns on the fourth factor: in this case, the closeness of the connection between Gagliardi's alleged negligence and the injury suffered by Plaintiff. In Business to Business, the plaintiff and PLIS had a "tenuous" connection: "PLIS dealt directly only with Tricon's broker, Hoyla, and Tricon's insurer, Zurich. PLIS had no dealings with B2B, and indeed B2B was not even named on the insurance policy PLIS procured." Id. at 170. In the court's view, however, this did not necessarily indicate the absence of a duty. Instead, the "issue on which [the fourth] factor turns is whether B2B was an intended third party beneficiary -- to which PLIS owed a duty of care -- or merely an incidental third party beneficiary, to which PLIS owed no such duty. Id. at 170. Thus, according to the reasoning in Business to Business, Gagliardi owed a duty of care to Plaintiff if he was supposed to be[3] an intended beneficiary of the policy or came "close enough to being one that imposing [a] duty" on Gagliardi would be "within the spirit of Biakanja." Id. at 171.

An intended third-party beneficiary "is one who intentionally receives the benefit of the insurance." Id. at 171. The person "does not need to be specifically named, as long as he is in the class of members that the insurance is intended to benefit." Id. "[W]hether a third party is an intended beneficiary or merely an incidental beneficiary 'involves construction of the parties' intent, gleaned from reading the contract as a whole in light of

---

[3] Plaintiff's negligence claim against Gagliardi is premised on Gagliardi's failure to secure a policy that covered Plaintiff's injury. Thus, whether Gagliardi owed Plaintiff a duty of care may have to be determined, not by reference to the terms of the policy that was actually secured, but by reference to the coverage that Valor and Bassman instructed Gagliardi to secure.

11

the circumstances under which it was entered.'" Id. at 170 (quoting Jones v. Aetna Cas. & Surety Co., 26 Cal. App. 4th 1717, 1725 (1994)).

The Court cannot determine at this time whether Gagliardi was instructed to obtain the type of policy in which Plaintiff would be an intended third-party beneficiary because the precise terms of the policy sought by Valor and Bassman are not reflected in the complaint. Harper v. Wausau Insurance Co., 56 Cal. App. 4th 1079 (1997), demonstrates why this is the case. The plaintiff in Harper had been injured in a slip-and-fall accident on the property of a company insured by the defendant. The insurance policy contained a "medical payment" provision that was distinct from the provision that insured the property owner against "bodily injury and property damage liability." Id. at 1083. Under the former provision, the defendant agreed to pay the medical expenses of any individual injured on the covered property, without regard to fault. The court noted that such provisions, unlike liability insurance, "directly confer a benefit upon third parties who are injured on the owner's property." Id. at 1090. Medical payments "are not dependent upon the liability of the insured and are considered to be separate contractual obligations from the rest of the policy." Id. at 1089. The court further explained:

> The payment is premised on the happening of the event and is not premised on fault. Thus, the insurer undertook a separate and direct obligation to pay to the medical expenses of any persons injured on the owner's property regardless of its insured's negligence. Accordingly, the payments were plainly intended to directly benefit plaintiff and were not incidental or remote.

Id. at 1090 (emphasis in original). Accordingly, the court determined that the plaintiff was an intended beneficiary and could

12

bring a claim against the insurer.

Here, the complaint does not specify the precise terms of the policy under which fight participants could potentially receive a payment from AIG for their injuries. If the policy contains -- or was supposed to contain -- a medical payment provision similar to the one in <u>Harper</u>, Plaintiff would be an intended third-party beneficiary. Pursuant to the holding of <u>Business to Business</u>, Gagliardi would thus owe a duty of care to Plaintiff. On the other hand, if Valor and Bassman sought and secured insurance to cover only their own liability to injured fight participants, Plaintiff would be merely an incidental third-party beneficiary, and Gagliardi would not owe him a duty of care. The Court cannot determine at this stage of the litigation whether Plaintiff was an intended third-party beneficiary of the desired policy. While the Court could require Plaintiff to amend the complaint to specify a factual basis for concluding that he was (or should have been) an intended third-party beneficiary, Defendants have allegedly prevented him from accessing the information he would need in order to do so. Thus the Court will instead allow Plaintiff to try to uncover the relevant facts through discovery.

Gagliardi argues that <u>Business to Business</u> does not apply to this case because its holding is limited to negligence claims against surplus lines insurance brokers. It is true that the <u>Business to Business</u> court, in a footnote, stated:

> We confine our analysis to the somewhat particularized facts of this case. Nothing in our opinion suggests that in a more typical case (e.g., an automobile accident) an injured third person has a cause of action against the at-fault party's insurance broker for failing to secure coverage that might compensate the injured party for his damages.

13

135 Cal. App. 4th at 172.  Nonetheless, the alleged facts in the present case are more similar to those in Business to Business than to those in the "typical case" such as one involving an automobile accident.  And although Business to Business addressed the duty of a surplus lines insurance broker, the court did not restrict its holding to such brokers, and its reasoning applies equally to other types of insurance brokers committing similar negligent acts.  Here, as in Business to Business, the insurance policy was allegedly intended to provide coverage for a very specific purpose: in this case, injuries resulting from a single event on a particular date.  Gagliardi has not cited any case that is more closely applicable to the issue here than Business to Business; although it cites cases demonstrating the limited scope of an insurance broker's duties, those cases hold simply that a broker has no duty to advise the insured of the need for or desirability of a specific type or amount of insurance.  See, e.g., Jones v. Grewe, 189 Cal. App. 3d 950, 955-56 (1987); Fitzpatrick v. Hayes, 57 Cal. App. 4th 916, 927 (1997).  Under this holding, Gagliardi cannot be held liable if Valor and Bassman instructed it to obtain insurance of a particular type and amount and Gagliardi complied, even if that insurance was insufficient to cover Plaintiff's injuries.  But if Valor and Bassman requested that Gagliardi secure an insurance policy with specific coverage and Gagliardi failed to do so, Gagliardi may be held liable for negligence.  See Fitzpatrick, 57 Cal. App. 4th at 927 (noting that an insurance agent may be held liable for negligence if "there is a request . . . by the insured for a particular type or extent of coverage" and the agent does not secure such coverage).

14

Depending on the facts that are established through discovery, Plaintiff may be able to succeed on a negligence claim against Gagliardi. Gagliardi's motion is therefore denied.

## CONCLUSION

For the foregoing reasons, AIG's motion to dismiss (Docket No. 5) is GRANTED IN PART and DENIED IN PART. Gagliardi's motion to dismiss (Docket No. 9) is also GRANTED IN PART and DENIED IN PART. Plaintiff's negligence claim against each of these Defendants based on their handling of his insurance claim is dismissed. This dismissal is with prejudice because any such claim is precluded under California law. Plaintiff may pursue his negligence claim against Gagliardi based on its failure to secure suitable insurance and his claims against AIG for breach of contract and for breach of the covenant of good faith and fair dealing. The hearing scheduled for December 11, 2008 is VACATED.

IT IS SO ORDERED.

Dated: 12/9/08

CLAUDIA WILKEN
United States District Judge

15