IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CAYO, | No. C 08-4763 CW |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND DENYING DEFENDANT GAGLIARDI'S MOTION TO STRIKE |
| v. | |
| VALOR FIGHTING & MANAGEMENT LLC; RICK BASSMAN; AIG DOMESTIC CLAIMS, INC.; GAGLIARDI INSURANCE SERVICES, INC.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., INCLUSIVE, | |
| Defendants. | |

     As set forth in the Court's December 9, 2008 order granting in part Defendants' motions to dismiss, this case arises from bodily injury allegedly suffered by Plaintiff Richard Cayo on September 15, 2006.  On February 25, 2009, Plaintiff filed an amended complaint alleging causes of action against Defendants Valor Fighting & Management LLC, Rick Bassman, AIG Domestic Claims, Inc., Gagliardi Insurance Services, Inc. and National Union Fire Insurance Company of Pittsburgh, Pa.

     Defendants AIG and Gagliardi move separately to dismiss the claims against them.  In the alternative, Gagliardi moves to strike portions of the first amended complaint.  Plaintiff opposes the motions.  The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the

Court DENIES each motion.

BACKGROUND

Plaintiff alleges that he participated in a "mixed martial arts fight performance" at Cache Creek Casino Resort in Brooks, California, on or about September 15, 2006.  First Am. Compl. ¶ 10.  The fight was allegedly organized by Defendant Valor, a company owned by Defendant Bassman.  Id. ¶ 11.  Plaintiff claims he entered into written and oral contracts with Bassman and Valor, under which Bassman and Valor assumed liability for any injuries Plaintiff might suffer during the fight.  Id. ¶ 14.

According to Plaintiff, Bassman and Valor entered into a separate, written contract with Cache Creek under which Bassman and Valor agreed, "as a condition to the fights taking place, that they had or would obtain insurance coverage to cover any liabilities associated with the fights, including but not limited to insurance coverage for any injuries that occurred during the course of such fights."  Id.  Plaintiff claims that, as a participant in the fight, he is an intended beneficiary of this insurance policy.  Id. ¶ 13.

Plaintiff claims that, during the fight, he "snapped his right ACL," a serious injury that required the ACL's surgical replacement.  Id. ¶ 15.  He continues to undergo physical and rehabilitative therapy.  Id.

According to Plaintiff, he "was advised" that Bassman and Valor had procured, through AIG, the insurance policy required under their contract with Cache Creek.  Id. ¶ 17.  Plaintiff filed a claim with AIG seeking compensation for his injury, but the claim

2

was denied. Id. ¶ 19. Allegedly, AIG "provided only cryptic and conflicting bases for denial of coverage" and, "[w]hen pressed for further information," AIG "refused to provide any clarification." Id. Gagliardi, the insurance brokerage allegedly responsible for procuring and collecting the policy premiums from Bassman and Valor, allegedly informed Plaintiff that AIG denied his claim because Bassman and Valor had "failed to pay the policy premiums." Id. ¶ 25. According to Plaintiff, Bassman denies Gagliardi's allegation, and AIG refuses to confirm or deny it. Id. ¶ 24.

The amended complaint does not allege whether anyone procured the insurance policy required under Bassman and Valor's contract with Cache Creek. But even if it was procured, Plaintiff claims, "At this time, [he] has insufficient information to identify the precise terms and conditions of coverage" and "cannot confirm the identity of the insurer." Id. ¶ 23. According to Plaintiff, AIG and Gagliardi "refused to return most of [his] communications regarding his injuries and claim." Id. ¶ 28.

In its December 9, 2008 order, the Court ruled that, because Plaintiff is "legitimately in doubt about the facts in question," he may assert contradictory statements of fact. December 9, 2008 order at 2. Plaintiff makes several contradictory, alternative assertions regarding Defendants' roles with respect to the insurance policy. Plaintiff asserts that either AIG or National Union issued the insurance policy to Bassman and Valor. First Am. Compl. ¶ 23. He asserts that Gagliardi "falsely reported" to AIG that Valor "had not paid its premiums" and "repeatedly asked AIG . . . to deny" his claim. Id. ¶ 27. Plaintiff asserts that

3

1 Bassman and Valor failed to secure the insurance policy. Id. ¶ 29.
2 Lastly, Plaintiff asserts that Gagliardi either failed to procure
3 the insurance policy, or procured "faulty or inadequate coverage."
4 Id. ¶ 59.

5   Plaintiff now charges Bassman and Valor with breach of
6 contract, intentional infliction of emotional distress and
7 violation of California's Unfair Competition Law.  He charges AIG
8 and National Union with breach of contract and breach of the
9 implied covenant of good faith and fair dealing.  He charges
10 Gagliardi with negligence for failing to procure the insurance
11 policy or, in the alternative, for procuring faulty or inadequate
12 coverage.

13                          LEGAL STANDARD
14 I.   Motion to Dismiss
15   A complaint must contain a "short and plain statement of the
16 claim showing that the pleader is entitled to relief."  Fed. R.
17 Civ. P. 8(a).  When considering a motion to dismiss under Rule
18 12(b)(6) for failure to state a claim, dismissal is appropriate
19 only when the complaint does not give the defendant fair notice of
20 a legally cognizable claim and the grounds on which it rests.  Bell
21 Atlantic Corp. v. Twombly, 550 U.S. 544, 552 (2007).  In
22 considering whether the complaint is sufficient to state a claim,
23 the court will take all material allegations as true and construe
24 them in the light most favorable to the plaintiff.  NL Indus., Inc.
25 v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
26 II.  Motion to Strike
27    Under Federal Rule of Civil Procedure 12(f), a court may
28

4

strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, 510 U.S. 517 (1994). A matter is immaterial if it has no essential or important relationship to the claim for relief plead. Id. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. Id.

DISCUSSION

I.   AIG's Motion To Dismiss

   A.   Breach Of Contract Claim

AIG moves to dismiss Plaintiff's breach of contract claim on the grounds that there was "no contractual relationship between [AIG] and plaintiff." AIG's Mot. at 4. AIG claims it is not liable to Plaintiff for breach of the insurance contract underlying Bassman and Valor's insurance policy because AIG is not the named insurer. In support of this claim, AIG attaches to its moving papers a copy of a policy on which National Union is the named insurer. Under California law, only the insured and the insurer under a insurance policy may be held liable to one another for breach of the underlying insurance contract. Gruenberg v. Aetna, 9 Cal. 3d 566, 576 (1973).

Generally, a district court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Where a defendant attaches such "extrinsic evidence" to a Rule 12(b)(6) motion, the court should ordinarily

5

treat the motion as a motion for summary judgment under Rule 56, unless an exception applies. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). AIG correctly points out the exception that a document may be properly considered and "is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." Branch v. Tunnel, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

Here, Plaintiff questions whether the policy attached to AIG's motion is the applicable policy. He claims that questions about "what policy may exist, who the insurer is, and what the terms and conditions of coverage are, if any, are still at issue in this case" and "cannot be answered until further discovery is completed." Pl.'s Opp'n at 2. In support of this argument, Plaintiff points out several allegations in his amended complaint which put in question the insurer's identity. For example,

> Valor, Bassman, Gagliardi . . . and AIG . . . all repeatedly told plaintiff that AIG provided insurance covering injuries to the participants in the mixed martial arts fights on September 15, 2006 at Cache Creek Casino Resort. AIG . . . provided a claim form to plaintiff, communicated with him orally and in writing about the status of his claim, and issued denials of coverage on AIG Domestic Claims, Inc. letterhead. At no time, including in its denials of coverage, did AIG . . . ever identify National Union . . . as the insurer for plaintiff's claim.

First Am. Compl. ¶ 20. Further, in his opposition, Plaintiff alleges that "the claims forms [he] filled out identified ONLY 'AIG Domestic Claims, Inc.' as the insurer." Pl.'s Opp'n at 2. Lastly, Plaintiff alleges that, in its initial disclosure, AIG produced only "portions" of an undated master insurance policy "purportedly

6

issued by National Union" which did not identify a policy period, appeared incomplete, and contained numerous amendments and coverage exceptions that were not pertinent to either the fight on September 15, 2006 or Plaintiff's claim.  First Am. Compl. ¶ 21.

Accepting the allegations in the amended complaint as true, it is not clear that AIG did not insure Plaintiff under this or some other policy.  Accordingly, AIG's motion to dismiss is denied.

    B.    Claim For Breach of the Implied Covenant of Good Faith and Fair Dealing

AIG next moves to dismiss Plaintiff's claim against it for breach of the implied covenant of good faith and fair dealing. AIG, however, merely repeats the arguments it made in its October 21, 2008 motion which the Court rejected in its December 9, 2008 order.  For the same reasons, the Court denies this motion.

II.    Gagliardi's Motion To Dismiss

    A.    Negligent Handling Claim

Gagliardi moves to dismiss Plaintiff's claim that Gagliardi negligently handled his insurance claim "by failing to handle [it] in a timely fashion, and making misrepresentations and/or materially omitting information pertaining to the claim, in communication with" Plaintiff.  First Am. Compl.  ¶ 60.  The Court dismissed this claim with prejudice in its December 9, 2008 order. Gagliardi's motion is therefore denied as moot.

    B.    Emotional Distress

Gagliardi requests that the Court dismiss Plaintiff's "claim for emotional distress under [his] negligence cause of action" because, according to it, damages for emotional distress are not

7

legally available as a remedy for negligence. This is an inaccurate statement of the law. In California, a plaintiff who is the "direct victim" of the defendant's negligent acts may seek emotional distress damages as part of his or her negligence claim. Burgess v. Superior Court, 2 Cal. 4th 1064, 1072 (1992). In its December 9, 2008 order, the Court held that "Plaintiff may pursue his negligence claim against Gagliardi based on its failure to secure suitable insurance." Therefore, Plaintiff may seek emotional distress damages as part of his negligence claim against Gagliardi.

In support of its position that emotional distress damages are unavailable, Gagliardi relies on Saunders v. Cariss, 224 Cal. App. 3d 905 (1990), and Birdsong v. State Farm Ins. Co., 1997 WL 464820 (N.D. Cal.). Saunders, however, discusses the standard that applies to a cause of action for intentional infliction of emotional distress. 224 Cal. App. 3d at 910-11. Plaintiff does not assert a claim for intentional infliction of emotional distress against Gagliardi; he seeks emotional distress damages as part of his negligence claim. Saunders does not address the availability of emotional distress damages against an insurer or insurance broker under a negligence theory. Similarly, the portion of Birdsong on which Gagliardi relies describes the standard for recovery under a claim for intentional infliction of emotional distress. 1997 WL 464820 at *5-*6. Elsewhere in Birdsong, the court specifically states that, if a plaintiff can establish negligence, he or she may recover for emotional distress caused by the negligent conduct. Id. at *6. Nothing in Saunders or Birdsong

8

1 supports Gagliardi's contention that Plaintiff must demonstrate
2 extreme and outrageous conduct on Gagliardi's part in order to
3 recover for emotional distress.
4 III. Gagliardi's Motion to Strike
5    Relying on Rule 12(f) of the Federal Rules of Civil Procedure,
6 Gagliardi also moves the Court to strike, from Plaintiff's first
7 amended complaint, language alleging that Gagliardi negligently
8 handled Plaintiff's claim.
9    Gagliardi first asks that the Court strike, in its entirety,
10 Paragraph 60 of Plaintiff's first amended complaint, which alleges
11 that:
12     Gagliardi Insurance Services, Inc. . . . breached
    [its] duties of care in [its] handling of
13     plaintiff's claim, by failing to handle the claim
    in a timely fashion, and in making
14     misrepresentations and/or materially omitting
    information pertaining to the claim, in
15     communications with plaintiff and AIG.
16 In its December 9, 2008 order, the Court dismissed Plaintiff's
17 claim for negligent claims-handling.  However, there is no need
18 strike this language in that it may be relevant to Plaintiff's
19 remaining negligence claims against Gagliardi.  The motion to
20 strike is DENIED.
21    Gagliardi next asks that the Court strike from Paragraph 61
22 Plaintiff's assertion that Gagliardi "made coverage decisions
23 and/or coverage recommendations to AIG/National Union with respect
24 to policy no. 009109014."  First Am. Compl. ¶ 61.  Gagliardi argues
25 that this assertion also relates only to Plaintiff's cause of
26 action for negligent claims handling, a cause of action which the
27 Court dismissed with prejudice in its December 9, 2008 order.
28

9

Gagliardi's argument is not persuasive.

The language at issue in Paragraph 61 is part of a longer allegation that cites specific acts of negligence and frames Plaintiff's negligence claim against Gagliardi.  For example, Paragraph 61 also contains allegations that Gagliardi "took on the responsibility for collecting premiums from various organizations participating in master policy no. 009109014 . . . and for accurately reporting and distributing such premiums."  Moreover, Plaintiff asserts, "Because [he] was an intended beneficiary of the policy, as well as an actual claimant under the policy . . . Gagliardi's obligation to exercise due care . . . extended to plaintiff."  This language relates to Plaintiff's claim that Gagliardi negligently failed to secure insurance.  Moreover, it supplies background as to Gagliardi's alleged duties to Plaintiff as an intended beneficiary under the insurance policy.  Based on the foregoing, the motion to strike is DENIED.

### CONCLUSION

For the foregoing reasons, AIG's motion to dismiss (Docket No. 38) is DENIED.  Gagliardi's motion to dismiss and to strike (Docket No. 43) is also DENIED.

IT IS SO ORDERED.

Dated:  6/8/09

CLAUDIA WILKEN
United States District Judge

10