IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CAYO,<br><br>    Plaintiff,<br><br>   v.<br><br>VALOR FIGHTING & MANAGEMENT LLC; RICH BASSMAN; AIG DOMESTIC CLAIMS, INC.; GAGLIARDI INSURANCE SERVICES, INC.; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>    Defendants.<br>_____/ | No. C 08-04763 CW<br><br>ORDER CONFIRMING GOOD FAITH OF (1) SETTLEMENT BETWEEN DEFENDANT GAGLIARDI INSURANCE SERVICES, INC. AND PLAINTIFF RICHARD CAYO AND (2) SETTLEMENT BETWEEN GAGLIARDI AND RICH BASSMAN AND VALOR FIGHTING (Docket Nos. 60, 70) |

Defendant Gagliardi Insurance Services, Inc. moves for orders determining that its settlement agreements with Plaintiff Richard Cayo and Co-Defendants Rich Bassman and Valor Fighting & Management LLC were made in good faith. (Docket Nos. 60, 70.) Defendants AIG Domestic Claims, Inc. (AIG) and National Union Fire Insurance Company of Pittsburgh, PA (collectively, Insurers) oppose the motions. The motions were submitted on the papers. Having considered the parties' arguments, the Court GRANTS Gagliardi's motions.

BACKGROUND

Plaintiff alleges that he was injured at a "mixed martial arts

fight performance" at Cache Creek Casino Resort on September 15, 2006. The fight was allegedly organized by Defendant Valor, a company owned by Defendant Bassman. Plaintiff claims he entered into written and oral contracts with Mr. Bassman and Valor, under which Mr. Bassman and Valor assumed liability for any injuries Plaintiff might suffer during the fight. According to Plaintiff, he was advised that Mr. Bassman and Valor had insurance coverage through AIG. Plaintiff claims that Mr. Bassman and Valor's policy was procured through Gagliardi, an insurance broker.

Plaintiff states that, following his injury, he filed an insurance claim with AIG, which it allegedly denied. Plaintiff's negligence claim against Gagliardi arises out of this alleged denial.

On July 24, 2009, Gagliardi entered into two settlement agreements, one with Plaintiff and one with Mr. Bassman and Valor. Gagliardi agrees to pay Plaintiff $70,000 in consideration for Plaintiff providing a general release to Gagliardi for

> any and all claims [Plaintiff] has, or may ever have, against [Gagliardi], or its employees, agents, or brokers, arising out of the handling / processing of Plaintiff's claim for medical benefits and all other claims arising out of injuries he sustained at a fight on Sept[.] 15, 2006 or as is more fully set forth in [Plaintiff's First Amended Complaint].

Addendum to Lindstrom Decl. in Support of August 14, 2009 Mot., Ex. A. With respect to Mr. Bassman and Valor, Gagliardi agrees to pay $4,615 in consideration for their

> general and mutual release of any and all claim[s] either released party has, or may have, against one another, including claims for indemnity, contribution, fraud, breach of contract, or covenants pertaining to the purchase and issuance and handling of the policy purchased and or issued, which is the subject of the above-referenced complaint.

2

September 16, 2009 Mot., Ex. at 1-2.

On August 14, 2009, Gagliardi filed a motion under California Code of Civil Procedure § 877.6(a)(2), seeking the Court's determination that its settlement with Plaintiff was made in good faith. Along with this motion, Gagliardi filed a proposed order that states, in relevant part,

> This court further orders that any pending cross-complaints against defendant, Gagliardi Insurance Services, Inc., for equitable or implied indemnity, contribution or other comparative fault, be dismissed with prejudice, and any further cross-complaints by joint tortfeasors or co-obligors relating to this matter from any other party are also barred.

Def. Gagliardi's Proposed Order 1-2. Insurers filed a limited opposition to the proposed order requested in this motion.

On September 16, 2009, Gagliardi filed a § 877.6(a)(2) motion regarding its settlement with Mr. Bassman and Valor. Insurers oppose this motion.

## DISCUSSION

California Code of Civil Procedure § 877.6 provides that any settling party in an action in which it is alleged that there are two or more tortfeasors may seek a court's determination that the settlement was made in good faith. See Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal. 3d 488, 494-95 (1985). To obtain a good faith determination,

> a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms, and amount of the settlement. The notice, application, and proposed order shall be given by certified mail, return receipt requested. . . . Within 25 days of the mailing of the notice, application, and proposed order, . . . a nonsettling party may file a notice of motion to contest

3

> the good faith of the settlement. If none of the nonsettling parties files a motion within 25 days of mailing of the notice, application, and proposed order, . . . the court may approve the settlement.

Cal. Civ. Proc. Code § 877.6(a)(2). A court's good faith determination "shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Id. § 877.6(c). A party challenging a settlement's good faith has the burden of proof on this issue. Id. § 877.6(d).

I.  Gagliardi's Settlement with Plaintiff

Insurers challenge the scope of Gagliardi's proposed order accompanying the August 14 motion, asserting that the order is overbroad because it could be construed as barring future claims against Gagliardi based upon express contractual indemnity. Insurers claim that they have an express contractual indemnity agreement with Gagliardi. In its reply, Gagliardi denies that its proposed order can be construed as barring future claims based upon express contractual indemnity. Gagliardi does not take the position that such claims would be barred by the settlement.

Insurers challenge only the proposed order accompanying Gagliardi's motion, not the settlement itself. The Court therefore reads Insurers's opposition not to challenge the good faith of the settlement. After considering Gagliardi's papers and finding no timely opposition, the Court determines that Gagliardi's settlement with Plaintiff was made in good faith.

Nevertheless, Insurers's opposition raises a valid objection.

4

California Code of Civil Procedure § 877.6(c) defines which claims will be barred. The California Supreme Court construed this section not to bar claims under express contractual indemnity agreements. Bay Dev., Ltd. v. Superior Court, 50 Cal. 3d 1012, 1019 (1990) ("[W]hen the settling defendant has previously entered into a contractual agreement to indemnify a nonsettling defendant, a settlement -- even if in good faith -- does not relieve the settling defendant from performing the contractual indemnification obligations."). Thus, the Court does not adopt Gagliardi's proposed order, but enters the order below incorporating the language of § 877.6(c).

II. Gagliardi's Settlement with Mr. Bassman and Valor

Insurers oppose this motion, asserting that § 877.6(a)(2) does not apply to this settlement and that, even if it did, Gagliardi does not pay an amount that complies with the statute. Alternatively, Insurers request the Court to continue the motion until after Mr. Bassman's bankruptcy proceedings end so that the parties can obtain discovery from him.

  A.  Applicability of § 877.6

Insurers assert that Gagliardi cannot obtain a good faith determination because Mr. Bassman has not filed an action against any party. They cite § 877.6(a)(1),[1] which provides,

> Any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue

---

[1] Gagliardi notes that it moves under § 877.6(a)(2), which provides for a good faith determination through an application to the Court, not § 877.6(a)(1), which requires a hearing. Nevertheless, § 877.6(a)(1) is relevant because it defines the type of actions and settlements to which good faith determinations apply.

5

> of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors . . . .

They construe this language to mean that there must be an existing cross-claim between the settling co-defendants, not just a claim between the plaintiff and defendants.

Insurers do not provide authority supporting their narrow interpretation. Two cases Insurers cite, <u>Long Beach Memorial Center v. Superior Court</u>, 172 Cal. App. 4th 865 (2009), and <u>Wildan v. Sialic Contractors Corporation</u>, 158 Cal. App. 4th 47 (2007), do not address Insurers' argument. <u>KOAM, Inc. v. Superior Court</u>, 35 Cal. App. 4th 549 (1995), is relevant, but does not foreclose the determination of the good faith of a settlement between co-defendants who do not have existing cross-claims. In <u>KOAM</u>, the court held that "a cross-defendant who settles with a cross-complainant, but not the plaintiff" can seek a good faith determination under § 877.6. <u>Id.</u> at 551. This language, however, does not require the existence of a claim in litigation as a predicate for settlement.

Because Insurers provide no contrary authority, the Court applies § 877.6 to Gagliardi's settlement with Mr. Bassman and Valor.

B.  Good Faith Determination

To determine a settlement's good faith, a court examines, among other things, "whether the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." <u>Tech-Bilt</u>, 38 Cal.3d at 499. A court must take into account "a rough approximation of plaintiffs' total recovery and the settlor's

proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial." Id.

Insurers argue that Gagliardi's $4,615 settlement with Mr. Bassman and Valor "does not reflect a fair settlement of potential claims for damages Bassman may subsequently assert in a cross-complaint against Gagliardi and [National Union Fire Insurance Company]." Opp'n at 5. They further assert that the settlement amount will not cover Mr. Bassman's costs in his bankruptcy proceedings or his tort exposure to Plaintiff. However, by analyzing whether Gagliardi's settlement with Mr. Bassman will cover his liability, Insurers' argument misapprehends the analysis required by § 877.6. Under Tech-Bilt, a court must compare the settlement amount to a settling tortfeasor's comparative share of a plaintiff's injuries. 38 Cal.3d at 499. Applied here, a § 877.6 analysis requires comparing Gagliardi's settlement amount to its share of Plaintiff's injuries. That aggregated amount, which includes the sums paid to Plaintiff and Mr. Bassman, is $74,615.

Because Insurers' objection does not address whether this amount "is so far out of the ballpark in relation" to Gagliardi's share of Plaintiff's injuries, Insurers do not satisfy their burden of proof to show that Gagliardi's settlement was not made in good faith. See Nutrition Now v. Superior Court, 105 Cal. App. 4th 209, 213 (2003) (citing Tech-Bilt, 38 Cal. 3d at 499). There is no need to stay the Court's decision on this motion pending the completion of Mr. Bassman's bankruptcy proceedings. Therefore, the Court determines that Gagliardi's settlement with Mr. Bassman and Valor

was made in good faith.

## CONCLUSION

Pursuant to California Code of Civil Procedure § 877.6, the Court determines that Gagliardi's settlements with Plaintiff and with Mr. Bassman and Valor were made in good faith. The Court therefore GRANTS Gagliardi's motions. These determinations bar Valor Fighting & Management, Rich Bassman, AIG Domestic Claims, Inc. and National Union Fire Insurance Company of Pittsburgh, PA and any other joint tortfeasors or co-obligors from pursuing any claims against Gagliardi Insurance Services, Inc. for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault. See Cal. Civ. Proc. Code § 877.6(c). Pursuant to the settlement, Plaintiff's claims against Gagliardi are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: October 20, 2009

CLAUDIA WILKEN
United States District Judge